[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Windsor Locks Associates appeals the decision of the defendant Windsor Locks zoning board of appeals granting a variance of the application of Chapter IV, Section 403; Chapter IV, Section 606(B)(1); and Chapter IV, Section 602(B) of the town's zoning regulations to defendant Hospitality Worldwide Services, Inc. The defendant board acted pursuant to Chapter XIII, Section 1301 of the regulations and General Statutes §8-6. The plaintiff appeals pursuant to General Statutes §8-8. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The applicant for the variance is defendant Hospitality Worldwide Services, Inc. Hospitality seeks to build a four story hotel on a 4.18 acre pie shaped parcel of land near the airport in Windsor Locks. In order to accomplish this project, Hospitality applied to the board for three variances: a variance from the 30 foot building height limitation, a variance from the limitation allowing no more than one detached sign per lot, and a variance to treat the side of the proposed building as the "front" for the purpose of computing the allowable sign size.
The board held a hearing on the application on September 14, 1998. Thereafter, on the same date, the board voted to grant the variances.
Plaintiff Windsor Locks Associates owns property adjacent to the property in question and is, therefore, statutorily aggrieved. General Statutes § 8-8. CT Page 2229
The plaintiff advances essentially two arguments in support of its appeal: (1) that the board failed to make the findings of hardship required by the applicable regulations; and (2) that the record contains no evidence of hardship.
In the application for the variances, Hospitality specified the hardship it claimed with respect to the building height limitation as "Because of the triangular, narrow shape of the property, feasible development requires a somewhat greater height than permitted, in lieu of a larger footprint." Hospitality specified the hardship with respect to the limitation on detached signs to be the fact that a competitor had already leased space on the property for its sign and the zoning regulation would not, therefore, allow Hospitality to erect another detached sign of its own.
The board did not indicate any findings of hardship in voting to grant the variances, nor did it render a written decision. Indeed, the record contains no indication of the reasons for the board's decision other than a generalized agreement with Hospitality's position as set forth in its application.
The general principles of our law governing the granting of variances have been developed over the years and are well summarized in Bloom v. Zoning Board of Appeals, 233 Conn. 198,206-209 (1995).
 [W]e have interpreted General Statutes § 8-6 to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . .A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance.
 Where a zoning board of appeals does not formally state the reasons for its decision, . . . the trial court must search the record for a basis for the board's decision. (Internal quotation marks and citations omitted.) CT Page 2230
In this case, the court has searched the very meager record and can find no basis for the board's conclusion, if indeed it arrived at one, that enforcement of the zoning regulations would create the unusual hardship necessary to the granting of a variance. In its reply brief, submitted to the court in opposition to the plaintiff's appeal, defendant Hospitality asserts that it did not base its application for a variance on economic hardship. Instead, the defendant claims that the hardship lies in the "unique features of this parcel — its topography, its narrow pie-shape, its common access driveway, its location on an exit ramp . . . with limited frontage on the access street."
The defendant's protestations, however, ring hollow. Hospitality wants to construct a four story hotel on the parcel, which would violate the height limitation in the regulations. It is reasonable to surmise that a different, less imposing structure could be built in conformity with the regulations. If this were done, however, the only hardship that comes readily to mind is a reduced potential for financial gain. Similarly, the defendant's arguments in justification of the sign variances — safety, public convenience, etc. — are devoid of any factual basis in the record, and certainly the board did not give them any explicit credence. Again, what is most clear is that Hospitality wants to have signs prohibited by the regulations because they would be beneficial in its competition with another nearby hotel and thus financially more rewarding. As noted, adverse financial consequences do not constitute a legally cognizable hardship. The only exception to this rule is where "the loss of any (or nearly any) use imposes a financial loss of such scale that a variance is warranted." T. Tondro, Connecticut Land Use Regulation (2d edition) p. 133. There is plainly no evidence in the record in this case that Hospitality's alleged competitive disadvantage would rise to that level of confiscatory loss.
Finally, with respect to Hospitality's complaint about the shape of the parcel, the court in Bloom addressed this precise issue. In the absence of evidence that the property would become essentially worthless if the variance were not granted, "limitations imposed by the shape of the lot do not in themselves create a hardship . . . T. Tondro, Connecticut Land Use Regulation (2d Ed. 1993 Sup. )." (Internal quotation marks omitted.) Bloom v. ZBA, supra, 233 Conn. 210. As noted there is CT Page 2231 no such evidence in this case.
Because there is no evidence in the record of any legally cognizable hardship, the board's decision granting the variances may not be affirmed.
The plaintiff's appeal is sustained.
Maloney, J.